IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| FIRST CLASSICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 4473 |
| | ) |
| TRAJECTORY, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Trajectory, Inc. ("Trajectory") has filed its Notice of Removal ("Notice") to bring this action brought against it by First Classics, Inc. ("First Classics") from the Circuit Court of Cook County to this District Court. This memorandum opinion and order is issued sua sponte in implementation of this Court's duty as prescribed by such cases as Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal court police subject matter jurisdiction sua sponte, they must.

Here Trajectory purports to invoke federal jurisdiction on the predicate that 28 U.S.C. § 1338(a) vests this federal District Court with original and exclusive jurisdiction of any civil action arising under any Act of Congress relating to copyrights. Its asserted reliance on federal question jurisdiction is an essential underpinning for the case's removal to this District Court, for Complaint ¶¶ 1 and 2 identify both parties as Delaware corporations, thus negating diversity of citizenship.

But that basic premise is flawed because the gravamen of First Classics' Complaint is Trajectory's asserted violation of a copyright license agreement (referred to throughout the Complaint as the "Trajectory's Agreement") from First Classics as licensor to Trajectory as licensee – indeed, Complaint Count I specifically sounds in breach of contract, while Complaint Count II

asserts Trajectory's violation of the Illinois enactment of the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 et seq.) and Count III advances a common law claim of fraudulent inducement. With all of that being the case, last year's teaching by our Court of Appeals in <u>Edgenet, Inc. v. Home Depot, U.S.A., Inc.</u>, 658 F.3d 662, 664 (7th Cir. 2011) (citations omitted) could well have been written for this case:

> Whether this case belongs in federal court depends on how we understand Edgenet's grievance. Is it seeking to enforce a copyright and obtain a remedy provided by federal law, or is it arguing that Home Depot failed to keep its promises and obtain a remedy for breach of contract? If the former, then the claim arises under federal law, and 28 U.S.C. § 1331 supplies jurisdiction. If the latter, then jurisdiction would depend on diversity of citizenship, because the fact that a copyright is a contract's subject matter does not change the status of a claim that arises under the contract. Both litigants are incorporated in Delaware, so the diversity jurisdiction of 28 U.S.C. § 1332 is unavailable.

There is no question that First Classics is "arguing that [Trajectory] failed to keep its promises," so that First Classics is seeking to "obtain a remedy for breach of contract." Hence it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" as 28 U.S.C. § 1447(c) puts it, so that the just-cited subsection mandates a remand to the state court of origin. This Court so orders, and the Clerk of this District Court is ordered to mail the certified copy of the remand order to the Clerk of the Circuit Court of Cook County forthwith, so that the parties can go about their business of litigation there.[1]

                                                               */s/ Milton I. Shadur*

                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: June 12, 2012

---

[1] It is also worth noting, although the contractual provision would not override federal court exclusivity if this were a copyright action as such, that Complaint ¶ 6 characterizes Trajectory's Agreement ¶ 14 as containing a forum selection and choice of law provision that places jurisdiction over the Trajectory Agreement in the Circuit Court's Chancery Division.